| | | |
|---|---|---|
| Minnesota Telecom Alliance, et al. | ) | |
|     Petitioners, | ) | |
| | ) | |
| v. | ) | Nos. 24-1179, 24-1183, 24-1301, |
| | ) | 24-1304, 24-1309 and 24-1315 |
| Federal Communicatoins Commission | ) | |
| and the United States of America, | ) | |
|     Respondents. | ) | |

**UNOPPOSED MOTION TO INTERVENE**

Pursuant to 28 USC §2348 and Federal Rule of Appellate Procedure 15(d), the Benton Institute for Broadband & Society ("Benton") moves to intervene in support of Respondents in the above-captioned cases and such other cases as have been or may be consolidated with that case, except *Media Alliance, et al. v. FCC, et al.*, No. 24-1319. Benton has contacted Petitioners and Respondents through their counsel, and all parties have stated that they will not object to the grant of this motion.

Benton is the Petitioner in Docket No. 24-1317, in which it challenges other aspects of the same order under review in the above-captioned cases. It does not seek to intervene in No. 24-1319 because it is evident that the Petitioners in that docket are similarly situated with Benton as to the issues for which they seek review.

Although Benton seeks review of a few elements of the agency decision at issue in these cases, it supports all other parts of that order and seeks to intervene here in support of the federal Respondents as to those parts of the order challenged in the above-captioned matters.

This motion is timely because it is being filed within 30 days of the January 30, 2024 docketing of No. 24-1179 and thus is within the 30-day time period set out in Federal Rule of Appellate Procedure 15(d).

Benton meets the statutory requirements to intervene as a matter of right. See 28 USC §2348. Benton is a private operating foundation under Section 501(c)(3) of the Internal Revenue Code. As its name suggests, Benton's primary mission includes expansion of broadband deployment and adoptlon. Among other things, it operates programs in a number of states, including Pennsylvania, Kansas, Illinois and Tennessee in which it works with, and advises, local residents on promoting broadband deployment and adoption. The rules under review, which implement the Broadband Equity Access and Deployment Program adopted pursuant to Section 60104 of the Intrastructure Investment and Jobs Act of 2021, P.L. 117-58, will advance broadband deployment and adoption by prohibiting discriminatory practices. Benton will benefit from successful implementation and enforcement of those rules. If the order under review is reversed or vacated as a result of the grant of all or portions of the above-captioned petitions for review, Benton will have to expend additional institutional resources to combat discriminatory practices that impede or preclude additional broadband deployment and adoption.

Benton participated in the proceeding below. It has knowledge and experience that enables it to elaborate on the representations in the factual record in this case. For that reason, and as is also evident from the fact that Benton also seeks review of some parts of the order under review, the federal respondents will not necessarily be in a position to adequately represent Benton's interests absent its intervention.

Accordingly, SHLB Coalition respectfully asks that the Court grant this

motion to intervene in support of Respondents and grant all such other relief as may be just and proper.

Respectfully submitted,

/s/ Andrew Jay Schwartzman

Andrew Jay Schwartzman
525 Ninth Street, NW
Seventh Floor
Washington, DC 20004
(202) 241-2408
AndySchwartzman@gmail.com

February 20, 2024

## CORPORATE DISCLOSURE STATEMENT

Pursuant to the Federal Rule of Appellate Procedure 26.1, the Benton Institute for Broadband & Society (Benton) respectfully states that it is a non-profit organization with no parent companies, subsidiaries or affiliates and that none of them have issued shares to the public.

Benton is an operating foundation. Its goal is to bring open, affordable, high-performance broadband to all people in the U.S. to ensure a thriving democracy.

Respectfully submitted,

/s/ Andrew Jay Schwartzman

Andrew Jay Schwartzman
525 Ninth Street, NW
Seventh Floor
Washington, DC 20004
(202) 241-2408
AndySchwartzman@gmail.com

February 20, 2024

# CERTIFICATE OF COMPLIANCE

I certify that the foregoing Unopposed Motion to Intervene complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because it contains 497 words. I further certify that this Motion complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Corel WordPerfect in Times New Roman 14-point font.

                                          Respectfully submitted,

                                          /s/ Andrew Jay Schwartzman

                                          Andrew Jay Schwartzman
                                          525 Ninth Street, NW
                                          Seventh Floor
                                          Washington, DC 20004
                                          (202) 241-2408
                                          AndySchwartzman@gmail.com

February 20, 2024

# CERTIFICATE OF SERVICE

I certify that on this 20th day of February, 2024, I electronically filed the foregoing Unopposed Motion to Intervene with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit using the Court's appellate CM/ECF system. I further certify that service was accomplished on all participants in the case via the Court's CM/ECF system.

    Respectfully submitted,

    /s/ Andrew Jay Schwartzman

    525 Ninth Street, NW
    Seventh Floor
    Washington, DC 20004
    (202) 241-2408
    AndySchwartzman@gmail.com